[redacted]

945 P.2d 1288

**In the Matter of the Application for Reinstatement of Allan J. KASEN, Atty. No. 004351, Applicant.**

**No. SB–97–0068–R.**

Supreme Court of Arizona.

Sept. 26, 1997.

*ORDER*

Applicant ALLAN J. KASEN has established to the satisfaction of the Disciplinary Commission and this Court that he is qualified for reinstatement to active bar membership; now, therefore, pursuant to Rule 72 of the Rules of the Supreme Court,

IT IS ORDERED that ALLAN J. KASEN be and hereby is reinstated as a member of the State Bar of Arizona, and is placed on probation for a period of two years, under the terms and conditions as set forth in the Disciplinary Commission report, listed below:

1. KASEN shall commit no ethical violations during the probationary period.[1]

2. KASEN will respond promptly to any and all bar inquiries or requests for information during the probationary period.

3. KASEN shall submit to an assessment by the director of the Member Assistance Program ("MAP") or his designee and shall enter into a contract with MAP with terms and conditions as set forth by the director of MAP or his designee, including a sobriety and practice monitor, random urine analysis, and group sessions, as appropriate to KASEN considering his current recovery and period of recovery.

4. A sobriety monitor shall be required, with monitoring terms including:

a. The sobriety monitor shall be selected by the director of MAP or his designee;

b. The sobriety monitor shall meet with KASEN monthly during the first year of probation; during the second year of probation, upon request by KASEN and approval by the State Bar, the monitor may reduce the frequency of meetings to quarterly; and

c. The sobriety monitor shall report any usage of illegal drugs by KASEN and any use of alcohol to the State Bar pursuant to the MAP contract.

5. In the event KASEN resumes private practice of law in Arizona, he shall submit to a law office audit by the director of the Law Office Management Assistance Program ("LOMAP") or her designee and shall enter into a contract with LOMAP with terms and conditions as set forth and deemed appropriate by the LOMAP director. Such terms shall include a practice monitor for the entire period of probation. With respect to the practice monitor, specific terms of monitoring shall include:

a. The practice monitor shall meet with KASEN monthly during the entire period of probation;

b. The practice monitor shall be selected by KASEN but must be acceptable to the State Bar;

c. The practice monitor shall review and verify the accuracy of KASEN'S time records with respect to time reports submitted to employers and/or partners within an office where KASEN practices law, as well as time records used to compile billings.

d. The practice monitor shall file quarterly reports with the State Bar, setting forth steps which he has taken during the reporting period and describing:

i. the status of KASEN'S workload and time records as described above; and

ii. Any deficiencies observed in KASEN'S practice, including but not limited to, any conduct which would be a violation of the Rules of Professional Conduct.[2]

6. KASEN shall pay all costs and expenses incurred by the State Bar in the execution of the MAP and LOMAP contracts.

7. If KASEN fails to comply with any of the foregoing conditions, and information thereof is received by the State Bar, bar counsel shall file with a hearing officer a Notice of Non–Compliance. The hearing officer shall conduct a hearing at the earliest practical date, but in no event less than 30

---

1. This term is intended to include any *finding* of an ethical violation during the probationary term. The mere filing of a bar complaint or charge during the term of probation would not constitute a probation violation.

2. As defined herein, the term "private practice" is intended to mean engaging in the practice of law as a sole practitioner or as a member of a law firm. It is not intended to mean employment as an employee of a business entity.

days following receipt of said notice, to determine whether the conditions of probation have been breached and, if so, to recommend appropriate action and response to such breach. If there is an allegation that KASEN has failed to comply with any of the foregoing conditions, the burden of proof thereof shall be on the State Bar to prove noncompliance by a preponderance of the evidence.

8. KASEN shall authorize the State Bar or its designee, during the term of probation, to review and/or audit all personal and professional financial records and accounts.

9. KASEN shall provide the State Bar with 30 days' notice of his intent to resume the practice of law in any capacity.

10. KASEN shall maintain malpractice insurance during the period of probation if he resumes the private practice of law.

11. If KASEN is employed as a lawyer by a law firm or other employer, he shall advise that employer of the underlying misconduct which led to his suspension, as well as the terms of probation under which he has been reinstated.

12. KASEN shall provide copies of state and federal income tax returns filed during the probationary period.

IT IS FURTHER ORDERED that the reinstatement is effective as of the date of this order.